Citation Nr: 1722258 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 97-17 444 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Washington, DC


THE ISSUES

1. Entitlement to service connection for a chronic acquired psychiatric disorder to include dysthymia. 

2. Entitlement to service connection for bilateral hearing loss. 

3. Entitlement to service connection for tinnitus.


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

J. L. Burroughs, Associate Counsel


INTRODUCTION

The Veteran had honorable active service in the United States Army from June 1956 to May 1959. Additionally, the Veteran had a separate period of active service in the United States Army from March 1961 to March 1962. This second period of service was characterized as being under "other than honorable conditions" and has since been determined to be a bar for VA benefits. An October 2016 decision of the United States Court of Appeals for Veterans Claims (Court) affirmed this finding.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 1996 rating decision of the Phoenix, Arizona, Regional Office (RO). In May 2014, the Veteran underwent a Board videoconference hearing with the undersigned. A transcript of that hearing is of record.

The service connection issues were most recently considered and denied by the Board in a June 2014 decision. The Veteran appealed the Board's denials to the Court. In October 2016, the Court issued a memorandum decision that vacated the Board's aforementioned denials. These issues are now before the Board for consideration. [It is again noted the Court affirmed the Board's determination that the Veteran's second period of service (March 1961 to March 1962) was characterized as being under "other than honorable conditions," which served as a bar for VA benefits.]

At the Veteran's May 2014 hearing, he presented testimony indicating that he was seeking service connection for a disability of an unspecified hand. This issue has not been adjudicated in the first instance by the agency of original jurisdiction (AOJ), the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9 (b) (2016).




This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The claims for entitlement to service connection for bilateral hearing loss, tinnitus and a chronic acquired psychiatric disorder, to include dysthymia are remanded in compliance with the October 2016 Court Memorandum and Order.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Schedule the Veteran for an examination to determine the nature and etiology of his chronic acquired psychiatric disorder, to include dysthymia. All pertinent symptomatology and findings must be reported in detail. Any indicated diagnostic tests and studies must be accomplished. After reviewing the record and examining the Veteran, the examiner should provide the following opinion:

a. Identify/diagnose any acquired psychiatric disorder, to include dysthymia, that presently exists or that has existed during the pendency of the appeal. 


b. Provide an opinion as to whether it is at least as likely as not (50 percent or better probability) that a chronic acquired psychiatric disorder, to include his previously diagnosed dysthymia, had its onset during his honorable active service between June 1956 and May 1959 or is otherwise related to any event during his honorable active service. The examiner must also address the etiology of all disabilities diagnosed on examination.

2. Schedule the Veteran for a VA audiology examination by an examiner with sufficient expertise to determine the nature and etiology of any bilateral hearing loss and tinnitus. The examiner must review the claims file and note that review in the report. Any indicated studies should be performed. 

a. Based upon the examination results and a review of the record, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or better probability) that any bilateral hearing loss and/or tinnitus is related to noise exposure or acoustic trauma sustained during his honorable active service between June 1956 and May 1959. 

NOTE: For the purposes of this examination, the Board will concede some in-service noise exposure as his DD-214, from his honorable period of service, indicates he was in the light weapons infantry and had a marksman badge.


i. The examiner should specifically comment on the clinical significance, if any, of threshold shifts in the Veteran's hearing acuity during active service and whether those shifts are related to his current hearing loss.

Reference is made to the fact that some level of hearing loss was present on entrance into the Veteran's dishonorable period of service between March 1961 to March 1962. As a result, address whether the hearing loss noted on entrance into this period of service was a delayed manifestation of hearing loss experienced in his first period of honorable service.

ii. The examiner must specifically address the relevance of the August 1995 VA examiner's finding that the Veteran's bilateral hearing loss and tinnitus were due to in-service noise exposure. Note, this opinion was improperly predicated on the overall noise exposure the Veteran experienced during both periods of service. Notwithstanding this error, it suggests that the Veteran's first period of service might have led to his current condition.

iii. The examiner should specifically address the Veteran's lay statements and testimony as to the onset of his disabilities.

Rationale for the requested opinion shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, provide an explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or the limits of current medical knowledge with respect to the question.

3. After completion of the above, review the expanded record and readjudicate the claims. If the claims remain denied, the Veteran should be furnished an appropriate supplemental statement of the case. After an opportunity to respond, the case should be returned to the Board for appellate review.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).